Matthew D. Ross (SBN 84703)
LEONARD, CARDER, LLP
1330 Broadway, Suite 1450
Oakland, CA 94612
Tel: (510) 272-0169
Fax: (510) 272-0174

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITE HERE LOCAL 2, <br><br>  Plaintiff, <br><br> v. <br><br> SFO GOOD-NITE INN, LLC, a California corporation; ERIC YOKEN, an individual; and BANG JA KIM, an individual, <br><br>  Defendants. | Case No. C07-02588 BZ <br><br> COMPLAINT FOR BREACH OF CONTRACT, DELINQUENT FRINGE BENEFIT CONTRIBUTIONS (LMRA §301) |

I.

**JURISDICTION AND VENUE**

1.  This is an action brought by Plaintiff union for declaratory and injunctive relief, for an accounting, and to collect unpaid union dues and delinquent fringe benefit contributions owed pursuant to the terms of a collective bargaining agreement and employee benefit plan trust agreements. Specifically, the complaint seeks to collect unpaid dues and trust fund contributions.

COMPLAINT

PAGE 1

2. The jurisdiction of this court is invoked pursuant to Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §185. Jurisdiction also exists under 28 U.S.C. §1337 and §2201.

3. Venue is proper in this Court pursuant to 29 U.S.C. §185 because the collective bargaining agreement is administered in this district, the breaches occurred here, and the Defendant employer resides here.

## II.

## PARTIES

4. Plaintiff UNITE HERE LOCAL 2 ("Union" or "Local 2") is, and at all times material herein has been, the sole and exclusive collective bargaining representative for all housekeeping and maintenance employees employed by Defendant SFO GOOD-NITE INN, LLC ("Employer" or "Good-Nite Inn"). Local 2 is a "Labor Organization" within the meaning of the Labor Management Relations Act and is the legal successor in law and fact of the Hotel Employees, Restaurant Employees, Local 340.

5. Defendant GOOD-NITE INN, a California Limited Liability Company, is an employer within the meaning of 29 U.S.C. §152(2) and 29 U.S.C. §1345. Defendant is a hotel near the San Francisco International Airport in South San Francisco and is, and at all material times herein has been, obligated to deduct and pay union check-off dues to Local 2 and to make employer contributions to the San Mateo Hotel Employees and Restaurant Employees Welfare Fund ("Welfare Plan") and the San Mateo Hotel Employees and Restaurant Employees Pension Fund ("Pension Plan") (collectively, "Trust Funds") pursuant to a collective bargaining agreement between Defendants and/or Local 2's predecessor, HERE Local 340 and/or Local 2. Defendant GOOD-NITE INN's address is 245 S. Airport Blvd., S. San Francisco, CA 94080.

COMPLAINT

PAGE 2

6. Defendants ERIC YOKEN ("Yoken") and BANG JA KIM ("Kim") are the principal owners and/or operators and/or managing partners of Defendant GOOD-NITE INN. On information and belief, at all times relevant herein, they have held a strong and controlling interest in the operations of the hotel in the time period covered by this lawsuit. The collective bargaining agreement in effect between Local 2 and GOOD-NITE INN imposes personal liability on the individual owners for failure to pay contributions in accordance with the trust agreement for the Welfare Plan.

7. On information and belief, Defendants GOOD-NITE INN, YOKEN and KIM, were at all times mentioned herein joint employers, alter egos or a single employer within the meaning of the LMRA.

## III.

## FACTS

8. Wyndham International, d/b/a Ramada Inn North ("Wyndham") and the Union[1] or its predecessor, Local 340, were signatories to a collective bargaining agreement covering the hotel's housekeeping and maintenance employees that was effective from December 5, 1999 through November 30, 2003. Wyndham and the Union or its predecessor, Local 340, agreed to a one-year extension of the collective bargaining agreement through November 30, 2004. In March 2004, Defendant GOOD-NITE INN purchased Wyndham and assumed the collective bargaining agreement ("Agreement").

9. In August 2004, the Union and Employer began negotiations for a new contract.

---

[1] At the time this collective bargaining agreement was executed, the signatory union was Hotel Employees and Restaurant Employees Union, Local 340, which merged with UNITE HERE! Local 2.

COMPLAINT

When bargaining had not been completed by the end of the Agreement, the contract was extended during negotiations for a successor agreement by virtue of both a clause in the underlying Agreement and an agreement of the parties. However, on September 14, 2005, while the Agreement was still in effect, Defendant GOOD-NITE INN withdrew recognition of the Union, asserting that a majority of its' employees no longer desired exclusive representation by Local 2.

10. On October 14, 2005, the Union filed unfair labor practice charges against the Defendant with the National Labor Relations Board ("NLRB"), which issued a complaint against Defendants. On September 28, 2006, on NLRB Administrative Law Judge (the "ALJ"), Jay Pollack, found that as a matter of law, Defendant's withdrawal of recognition during the life of a contract was a violation of the National Labor Relations Act, as amended. The ALJ also found that the employee petitions based upon which Defendant withdrew recognition were tainted by its unfair labor practices.

11. At all times material herein, Defendants were contractually bound under the Agreement and trust agreements incorporated therein, to contribute to the Trust Funds on behalf of all eligible GOOD-NITE INN employees in accordance with the trust agreements, the Welfare Plan, the Pension Plan and the rules and regulations adopted by the trustees. Pursuant to written trust agreements executed by the San Mateo County Restaurant - Hotel Owners Association and the Union, the Trust Funds were established for the sole and exclusive purpose of providing health and related benefits and pension benefits to employees (and their beneficiaries) covered by contracts between Local 2 and employers in the industry who are signatory to the collective bargaining agreements.

COMPLAINT

PAGE 4

12. Specifically, the Agreement at Sections 39 and 40, *Health and Welfare Fund* and *Pension Fund*, respectively, obligate Defendant GOOD-NITE INN to contribute to and participate in the Trust Funds. Defendants have failed to fulfill this obligation since September 2005 to the present.

13. The Agreement provides further that Defendants YOKENO and KIM are personally liable for such contributions to the Welfare Plan, including liquidated damages and interest.

14. At all times material herein, Defendant GOOD-NITE INN was contractually bound under the Agreement, and trust agreements incorporated therein, to report monthly to the Trust Funds all employment information necessary for the Trust Funds to determine which employees were entitled to health, welfare and related benefits, pension benefits and how much money Defendants were obligated to contribute to Trust Funds to provide for these benefits. Defendants have failed to fulfill this obligation since September 2005 to the present.

15. At all times material herein, Defendant GOOD-NITE INN was contractually bound under the Agreement to make payments under the Union security agreement provisions. Specifically, the Agreement at Section 33 *Dues Check-ff* obligates Defendant GOOD-NITE INN to deduct from its employees' paychecks the union-designated amount fees and dues on a monthly basis. Defendants have failed to fulfill this obligation since September 2005 to the present.

16. Defendant GOOD-NITE INN owes $194,940.89 in Trust Fund contributions for the period between September 2005 to the present. This $194,940.89 total is broken

COMPLAINT

PAGE 5

down as follows: $179,256.00 in principal and liquidated damages; $15,684.89 in interest accrued as of May 1, 2007. (See table at Paragraph 19.) Defendants YOKENO and KIM are both personally liable for $158,097.06, which amount reflects Defendants' Welfare Fund contribution obligations.

17. Defendant GOOD-NITE INN owes Plaintiff Union $16,096.37 for the period between September 2005 to the present for non-payment of union dues under the Union Security provisions in the Agreement. This $16,096.37 is broken down as follows: $14,744.00 for unpaid dues; $1,352.37 in interest.

18. Because Defendants have failed to supply the Union and the Trust Funds information as required by the Agreement and trust agreements incorporated therein, the amounts in Paragraphs 16 and 17 necessarily are estimates. Plaintiff believes and alleges that the principal monthly amounts owed to the Union and Trust Funds for the period after September 2005 are no less than those amounts that would have been owed for work performed in the most recent month in which Local 2 members worked for Defendants. Therefore, the delinquency estimate for this period set forth in Paragraph 16 is based on the current number of Defendants' employees and the contribution rates for the Welfare Fund and Pension Fund. The delinquency for the period set forth in Paragraph 17 above is also estimated based on the current number of Defendants' employees and the current union dues rate (20 employees; $36.46 per employee per month from 9/05 to 12/06; $38.46 per employee per month from 1/07 to 5/07).

19. Accordingly, as of today's date, May 15, 2007, Defendants are obligated to the Union and Trust Funds for the following amounts.

COMPLAINT

PAGE 6

| Trust Fund Contributions | Union Dues |
|---|---|
| $194,940.89 owed by Defendant Good-Nite Inn | $16,096.37 |
| $158,097.06 owed by Defendants Eric Yokena and Bang Ja Kim | |
| **TOTAL = $211,037.26** | |

20. In addition, Defendants are liable for Plaintiff's attorneys' fees, to be determined at the conclusion of this litigation.

## FIRST CLAIM

21. The First Claim is an action to enforce a collective bargaining agreement. Jurisdiction arises under 29 U.S.C. §185(a).

22. Plaintiff realleges and incorporates by reference Paragraphs 1 through 20 hereinabove as if set out in full.

23. Plaintiff is a party to the Agreement described in Paragraph 8, hereinabove; and, the Agreement, which incorporates trust agreements to the Welfare and Pension Funds, requires Defendants to make certain contributions to the Trust Funds.

24. Defendants have failed and refused to make the contributions as required under the Agreement. Trust Funds are entitled to the principal owed, prejudgment interest, attorneys fees, and collection costs as required by the trust agreements, which are incorporated into the Agreement.

## SECOND CLAIM

25. The Second Claim is also a claim under 29 U.S.C. §185(a).

26. Plaintiff realleges and incorporates by reference Paragraphs 1 through 20 hereinabove as if set out in full.

COMPLAINT

PAGE 7

27.    Plaintiff is a party to the Agreement described in Paragraph 8 hereinabove; and, the Agreement requires Defendants to make certain deductions from GOOD-NITE INN employees' paychecks the union-designated amount of initiation/reinstatement fees and dues for the classification of work in the pay period preceding the fifth (5th) day of the month and remit the same to the Union no later than the twentieth (20th) day of the same month.

28.    Defendants have failed and refused to make said deduction and payment of union dues as required under the Agreement. The Union is entitled to the principal owed, prejudgment interest, attorneys fees, and collection costs.

### THIRD CLAIM

29.    The Third Claim is an action to bring an accounting under the terms of Agreement, and the trust documents and trust agreements therein incorporated.  Jurisdiction arises under 29 U.S.C. §185(a).

30.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 20 hereinabove as if set out in full.

31.    The Agreement, which incorporates the trust agreements, as amended, provide that the Trust Funds may require an individual employer to submit to an audit and must supply the Trust Fund with any information report or documentation reasonably relevant to and necessary for the administration of the Trust Funds -- particularly including the determination of employee eligibility for benefits under the Trust Funds and the employer's financial obligation to the Trust Funds for the coverage of eligible employees.

32.    By virtue of Defendants' failure to provide to the Trust Funds with the information necessary to determine employees' eligibility for health and welfare benefits and

pension benefits under the Agreement, and Defendants' financial obligations to the Trust Funds for the provision of these employee benefits, the precise amount of Defendants' liability to the Trust Funds since September 2005 is not presently known. It is necessary for the Trust Funds to examine all of the necessary and appropriate payroll books and records of Defendants, covering all of Defendants' employees for the period since September 2005 until the date of judgment.

33. In order to determine the exact amount due from Defendants, the Union requests that this court issue its order compelling Defendants to abide by the Agreement, and to submit to Trust Funds' representatives and auditors all of its payroll books and records for the purposes of inspecting same to determine the amount of contributions due the Trust Funds since September 2005 under aforesaid collective bargaining agreement, and further, that Defendants be required to pay the cost of such audit pursuant to the terms of aforesaid collective bargaining agreement.

WHEREFORE, PLAINTIFFS PRAY FOR JUDGMENT AGAINST SFO GOOD-NITE INN, ERIC YOKENO and BANG JA KIM, JOINTLY AND SEVERALLY AS FOLLOWS:

1. That this Court adjudge and declare that Defendants, their successors, agents and all persons acting in concert with them, as required under the terms of the collective bargaining agreements and trust agreements incorporated therein to comply with the mandatory reporting and contribution requirements;

2. That this Court adjudge and declare that Defendants, their successors, agents

and all persons acting in concert with them, as required under the terms of the collective bargaining agreement to comply with union check-off and dues paying requirements;

3. That Defendants be ordered to submit to an audit and for that purpose to furnish to Trust Funds' representatives and auditors all of its payroll books and records for the since September 14, 2005 until the date of judgment, which records shall show the active employee payroll and all hours worked by all employees of Defendants for each day, week and month included in said period, and that a referee be appointed to perform such audit and be further empowered to examine the parties to this action as well as other witnesses, and that a report of the audit of such accounting be presented to the Plaintiff and the court pursuant to an interlocutory order herein;

4. For judgment in the amount of unpaid contributions, liquidated damages and interest;

5. For judgment in the amount of unpaid union dues and interest;

6. For attorneys' fees and costs; and

7. For a preliminary and permanent injunction ordering Defendant GOOD-NITE INN to pay Trust Funds the entire contribution deficiency, $194,940.89, plus attorneys' fees forthwith, and henceforward to make timely contributions in full to Trust Funds according to the rules of the Trust Funds and the governing trust agreements.

8. For a preliminary and permanent injunction ordering Defendants ERIC YOKENO and BANG JA KIM to pay Welfare Fund contributions in the amount of $158,097.06, plus attorneys' fees forthwith, and henceforward to make timely contributions

in full to Trust Funds according to the rules of the Trust Funds and the governing trust agreements.

9. For a preliminary and permanent injunction ordering Defendant GOOD-NITE INN to pay Plaintiff Union the entire union dues deficiency, $16,096.37, plus attorneys' fees forthwith, and henceforward to make timely payments in full to Union pursuant to the Agreement.

10. For other such relief the Court deems just and proper.

Respectfully submitted,

DATED: May 15, 2007         LEONARD CARDER, LLP

By: _____
Matthew D. Ross
Attorneys for Plaintiff UNITE HERE Local 2

COMPLAINT

PAGE 11