Matthew D. Ross (SBN 84703)
LEONARD, CARDER, LLP
1330 Broadway, Suite 1450
Oakland, CA 94612
Tel: (510) 272-0169
Fax: (510) 272-0174

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITE HERE LOCAL 2; SAN MATEO HOTEL )
EMPLOYEES & RESTAURANT EMPLOYEES )
WELFARE FUND; SAN MATEO HOTEL )
EMPLOYEES & RESTAURANT EMPLOYEES )
PENSION FUND; SHERRI CHIESA, JAMES )
BEARD, HAL BOBROW, MIKE CASEY, THO )
DO, and RICHARD ROMANSKI, Trustees of the )
San Mateo Hotel Employees & Restaurant )
Employees Welfare and Pension Funds, )
   )
   Plaintiffs, )
   )
v. )
   )
SFO GOOD-NITE INN, LLC, a California limited )
liability company; ERIC YOKENO, an individual; )
and BANG JA KIM, an individual, )
   )
   Defendants. )
_____)

Case No. C07-02588 BZ

**FIRST AMENDED COMPLAINT FOR DELINQUENT FRINGE BENEFIT CONTRIBUTIONS (ERISA §§502, 515; LMRA §301)**

//

//

//

FIRST AMENDED COMPLAINT
(ERISA §§502, 515; LMRA §301)

PAGE 1



## I.

## JURISDICTION AND VENUE

1. This is an action brought by Plaintiff trust funds and union for declaratory and injunctive relief, for an accounting, and to collect unpaid union dues and delinquent fringe benefit contributions owed pursuant to the terms of a collective bargaining agreement and employee benefit plan trust agreements. Specifically, the First Amended Complaint seeks to collect unpaid dues and trust fund contributions.

2. The jurisdiction of this court is invoked pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C., §§ 1132 and 1145 and Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185. Jurisdiction also exists under 28 U.S.C. § 1337 and § 2201.

3. Venue is proper in this Court pursuant to 29 U.S.C. § 185 because the collective bargaining agreement and trust funds are administered in this district, the breaches occurred here, and the Defendant employer resides here.

## II.

## PARTIES

4. Plaintiff UNITE HERE LOCAL 2 ("Union" or "Local 2") is, and at all times material herein has been, the sole and exclusive collective bargaining representative for all housekeeping and maintenance employees employed by Defendant SFO GOOD-NITE INN, LLC ("Employer" or "Good-Nite Inn"). Local 2 is a "labor organization" within the meaning of the LMRA and is the legal successor in law and fact of the San Mateo Hotel Employees and Restaurant Employees, Local 340.

FIRST AMENDED COMPLAINT
(ERISA §§502, 515; LMRA §301)

PAGE 2

5. Plaintiffs SAN MATEO HOTEL EMPLOYEES & RESTAURANT EMPLOYEES HEALTH & WELFARE FUND ("Welfare Fund"); SAN MATEO HOTEL EMPLOYEES & RESTAURANT EMPLOYEES PENSION FUND ("Pension Fund") (collectively hereafter "TRUST FUNDS") are express trust funds organized and existing under the laws of the United States as employee benefit plans with their principal place of business located in San Mateo County in the State of California. The TRUST FUNDS were created by written trust agreements pursuant to Section 302 of the LMRA, 29 U.S.C. § 186. TRUST FUNDS are also multi-employer employee benefit plans as defined by ERISA, 29 U.S.C. §1002(3) and (37)(a), 29 U.S.C. § 1003, AND 29 U.S.C. §1132(d)(1).

6. Plaintiffs SHERRI CHIESA, JAMES BEARD, HAL BOBROW, MIKE CASEY, THO DO and RICHARD ROMANSKI (collectively, "Trustees") are trustees and fiduciaries of the TRUST FUNDS within the meaning of ERISA Sections 3 and 401 et seq., 29 U.S.C. §§ 1002, 1101 et seq. As trustees, Plaintiff TRUSTEES have the duty, jointly exercised with each other, to administer the TRUST FUNDS for the exclusive benefit of covered employees in accordance with the provisions of LMRA Section 302, ERISA and the terms of the TRUST FUNDS' written trust agreements.

7. Defendant GOOD-NITE INN, a California Limited Liability Company, is an employer within the meaning of 29 U.S.C. §152(2) and 29 U.S.C. §1345. Defendant Employer is a hotel near the San Francisco International Airport in South San Francisco and is, and at all material times herein has been, obligated to deduct and pay union check-off dues to Local 2 and to make employer contributions to the TRUST FUNDS pursuant to a collective bargaining agreement between Defendants and/or Local 2's predecessor, the San Mateo Hotel Employees

FIRST AMENDED COMPLAINT
(ERISA §§502, 515; LMRA §301)                                                                                  PAGE 3

and Restaurant Employees, Local 340, and/or Local 2. Defendant GOOD-NITE INN's address is 245 S. Airport Blvd., S. San Francisco, CA 94080.

8. Defendants ERIC YOKENO ("Yokeno") and BANG JA KIM ("Kim") are the principal owners and/or operators and/or managing partners of Defendant GOOD-NITE INN. On information and belief, at all times relevant herein, they have held a strong and controlling interest in the operations of the hotel in the time period covered by this lawsuit. The collective bargaining agreement in effect between Local 2 and GOOD-NITE INN imposes personal liability on the individual owners for failure to pay contributions in accordance with the trust agreement for the Welfare Plan.

9. On information and belief, Defendants GOOD-NITE INN and YOKENO and KIM were at all times mentioned herein joint employers, alter egos or a single employer within the meaning of the LMRA.

III.

FACTS

10. Wyndham International, d/b/a Ramada Inn North ("Wyndham") and the Union[1] were signatories to a collective bargaining agreement covering the hotel's housekeeping and maintenance employees that was effective from December 5, 1999 through November 30, 2003. Wyndham and the Union, agreed to a one-year extension of the collective bargaining agreement

---

[1] At the time this collective bargaining agreement was executed, the signatory union was the San Mateo Hotel Employees and Restaurant Employees, Local 340, which merged with UNITE HERE! Local 2. For the sake of simplicity, hereafter "Union" will refer to either Local 340, for the period prior to the merger, or Local 2, for the period subsequent to the merger.

FIRST AMENDED COMPLAINT
(ERISA §§502, 515; LMRA §301)                                                                                    PAGE 4

through November 30, 2004. In March 2004, Defendant GOOD-NITE INN purchased Wyndham and assumed the collective bargaining agreement ("Agreement").

11. In August 2004, the Union and Employer began negotiations for a new contract. When bargaining had not been completed by the end of the Agreement, the contract was extended during negotiations for a successor agreement by virtue of both a clause in the underlying Agreement and an agreement of the parties. However, on September 14, 2005, while the Agreement was still in effect, Defendant GOOD-NITE INN withdrew recognition of the Union, asserting that a majority of its employees no longer desired exclusive representation by Local 2.

12. On October 14, 2005, the Union filed unfair labor practice charges against the Defendant with the National Labor Relations Board ("NLRB"), which issued a complaint against Defendants. On September 28, 2006, on NLRB Administrative Law Judge (the "ALJ"), Jay Pollack, found that as a matter of law, Defendant's withdrawal of recognition during the life of a contract was a violation of the National Labor Relations Act, as amended. The ALJ also found that the employee petitions based upon which Defendant withdrew recognition were tainted by its unfair labor practices.

13. At all times material herein, Defendants were contractually bound under the Agreement and trust agreements incorporated therein, to contribute to the TRUST FUNDS on behalf of all eligible GOOD-NITE INN employees in accordance with the trust agreements, the Welfare Plan, the Pension Plan and the rules and regulations adopted by the TRUSTEES. Plaintiff TRUST FUNDS were established by a restaurant and hotel owners

FIRST AMENDED COMPLAINT
(ERISA §§502, 515; LMRA §301)                                                              PAGE 5

association and one labor organization in the hotel, restaurant and hospitality industry in San Mateo County. Pursuant to written trust agreements incorporated in the Agreement and executed by the San Mateo County Restaurant - Hotel Owners Association and the Union, the TRUST FUNDS were established for the sole and exclusive purpose of providing health and related benefits and pension benefits to employees (and their beneficiaries) covered by contracts between Local 2 and employers in the industry who are signatory to the collective bargaining agreements.

14. Specifically, the Agreement at Sections 39 and 40, *Health and Welfare Fund* and *Pension Fund*, respectively, obligate Defendant GOOD-NITE INN to contribute to and participate in the TRUST FUNDS. Defendants have failed to fulfill this obligation since September 2005 to the present.

15. The Agreement provides further that Defendants YOKENO and KIM are personally liable for such contributions to the Welfare Plan, including liquidated damages and interest.

16. At all times material herein, Defendant GOOD-NITE INN was contractually bound under the Agreement, and trust agreements incorporated therein, to report monthly to the TRUST FUNDS all employment information necessary for the TRUST FUNDS to determine which employees were entitled to health, welfare and related benefits, pension benefits and how much money Defendants were obligated to contribute to TRUST FUNDS to provide for these benefits. Defendants have failed to fulfill this obligation since September 2005 to the present.

17. At all times material herein, Defendant GOOD-NITE INN was contractually

FIRST AMENDED COMPLAINT
(ERISA §§502, 515; LMRA §301)                                                                                    PAGE 6

bound under the Agreement to make payments under the Union security agreement provisions. Specifically, the Agreement at Section 33 *Dues Check-off* obligates Defendant GOOD-NITE INN to deduct from its employees' paychecks the union-designated amount fees and dues on a monthly basis. Defendants have failed to fulfill this obligation since September 2005 to the present.

18. Defendant GOOD-NITE INN owes $208,018.44 to Plaintiff TRUST FUNDS employer contributions for the period between September 2005 to the present. This $208,018.44 total is broken down as follows: $187,404.00 in principal and liquidated damages; $20,614.44 in interest accrued as of June 1, 2007. (See table at Paragraph 21.) Defendants YOKENO and KIM are both personally liable for $168,494.93, which amount reflects these two Defendants' Welfare Fund contribution obligations.

19. Defendant GOOD-NITE INN owes $18,005.32 to Plaintiff UNION union dues for the period between September 2005 to the present under the Union Security provisions in the Agreement. This $18,005.32 is broken down as follows: $16,282.40 for unpaid dues; $1,722.92 in interest.

20. Because Defendants have failed to supply the UNION and the TRUST FUNDS information as required by the Agreement and trust agreements incorporated therein, the amounts in Paragraphs 18 and 19 necessarily are estimates. Plaintiff believes and alleges that the principal monthly amounts owed to the UNION and TRUST FUNDS for the period after September 2005 are no less than those amounts that would have been owed for work performed in the most recent month in which Local 2 members worked for Defendants. Therefore, the delinquency estimate for the period as set forth in Paragraph 18 is based on the current number

of Defendants' employees and the contribution rates for the Welfare Fund and Pension Fund. The delinquency for the period as set forth in Paragraph 19 above is also estimated based on the current number of Defendants' employees and the current union dues rate (20 employees; $36.46 per employee per month from 9/05 to 12/06; $38.46 per employee per month from 1/07 to 6/07).

21.  Accordingly, as of today's date, June 27, 2007, Defendants are obligated to the UNION and TRUST FUNDS for the following amounts.

| Trust Fund Contributions | Union Dues |
|---|---|
| $208,018.44 owed by Defendant Good-Nite Inn | $18,005.32 |
| $168,494.93 owed by Defendants Eric Yokeno and Bang Ja Kim | |
| **TOTAL = $226,023.76** | |

22.  In addition, Defendants are liable for Plaintiff's attorneys' fees, to be determined at the conclusion of this litigation.

## FIRST CLAIM

23.  The First Claim is an action to enforce a collective bargaining agreement. Jurisdiction arises under 29 U.S.C. §185(a).

24.  Plaintiff UNION realleges and incorporates by reference Paragraphs 1 through 22 hereinabove as if set out in full.

25.  Plaintiff UNION is a party to the Agreement described in Paragraph 10 hereinabove, as the Agreement requires Defendants to make certain contributions to the TRUST FUNDS.

26.  Plaintiff TRUST FUNDS are third party beneficiaries to the collective

FIRST AMENDED COMPLAINT
(ERISA §§502, 515; LMRA §301)                                                                 PAGE 8

bargaining agreement described in Paragraph 10 hereinabove, as the Agreement requires Defendants to make certain contributions to the TRUST FUNDS;

27.  Defendants have failed and refused to make the contributions as required under the Agreement. Plaintiff TRUST FUNDS are entitled to the principal owed, liquidated damages, prejudgment interest, attorneys fees, and collection costs as required by the trust agreements, which are incorporated into Agreement.

## SECOND CLAIM

28.  The Second Claim is also a claim under 29 U.S.C. §185(a).

29.  Plaintiff UNION realleges and incorporates by reference Paragraphs 1 through 22 hereinabove as if set out in full.

30.  Plaintiff UNION is a party to the Agreement described in Paragraph 10 hereinabove, and the Agreement requires Defendants to make certain deductions from GOOD-NITE INN employees' paychecks the union-designated amount of initiation/ reinstatement fees and dues for the classification of work in the pay period preceding the fifth (5th) day of the month and remit the same to the Union no later than the twentieth (20th) day of the same month.

31.  Defendants have failed and refused to make said deduction and payment of union dues as required under the Agreement. Plaintiff UNION is entitled to the principal owed, prejudgment interest, attorneys fees, and collection costs.

## THIRD CLAIM

32.  The Third Claim is an action brought under ERISA to collect delinquent fringe benefit contributions. Jurisdiction arises under 29 U.S.C. §1132(a)(3)(B)(ii) and 1132(g)(2)(e).

33.  Plaintiff TRUST FUNDS reallege and incorporate by reference Paragraphs 1

through 22 hereinabove as if set out in full.

34. Sections 502 and 515 of ERISA (29 U.S.C. §§ 1132, 1145) provide a cause of action for the collection of delinquent contributions owed by an employer to a multi-employer employee benefit plan under the terms of the plan and/or pursuant to a collective bargaining agreement.

35. Defendants have failed and refused to make the contributions as required under the TRUST FUNDS governing documents, including trust agreements and the Agreement set out at Paragraph 10. Plaintiff TRUST FUNDS are entitled to the principal owed, liquidated damages, prejudgment interest, attorneys fees and costs pursuant to 29 U.S.C. § 1131(g)(2), and collection costs as required by the trust agreements and federal law.

## FOURTH CLAIM

36. The Fourth Claim is an action to bring an accounting under the terms of Agreement, and the trust documents and trust agreements therein incorporated. Jurisdiction arises under 29 U.S.C. §185(a).

37. Plaintiff realleges and incorporates by reference Paragraphs 1 through 22 hereinabove as if set out in full.

38. The Agreement, which incorporates the Declarations of Trust and Trust Agreements, as amended, provide that the TRUST FUNDS may require an individual employer to submit to an audit and must supply the Trust Fund with any information report or documentation reasonably relevant to and necessary for the administration of the TRUST FUNDS -- particularly including the determination of employee eligibility for benefits under the

FIRST AMENDED COMPLAINT
(ERISA §§502, 515; LMRA §301)  PAGE 10

TRUST FUNDS and the employer's financial obligation to the TRUST FUNDS for the coverage of eligible employees.

39. By virtue of Defendants' failure to provide to the TRUST FUNDS with the information necessary to determine employees' eligibility for health and welfare benefits and pension benefits under the Agreement, and Defendants' financial obligations to the TRUST FUNDS for the provision of these employee benefits, the precise amount of Defendants' liability to the TRUST FUNDS since September 2005 is not presently known. It is necessary for the TRUST FUNDS to examine all of the necessary and appropriate payroll books and records of Defendants, covering all of Defendants' employees for the period since September 2005 until the date of judgment.

40. In order to determine the exact amount due from Defendants, Plaintiff TRUST FUNDS request that this court issue its order compelling Defendants to submit to TRUST FUNDS' representatives and auditors all of its payroll books and records for the purposes of inspecting same to determine the amount of contributions due the TRUST FUNDS since September 2005 under aforesaid collective bargaining agreement, and further, that Defendants be required to pay the cost of such audit pursuant to the terms of aforesaid collective bargaining agreement.

WHEREFORE, PLAINTIFFS PRAY FOR JUDGMENT AGAINST DEFENDANTS SFO GOOD-NITE INN, ERIC YOKENO and BANG JA KIM, JOINTLY AND SEVERALLY AS FOLLOWS:

1. That this Court adjudge and declare that Defendants, their successors, agents and all persons acting in concert with them, as required under the terms of the collective bargaining

FIRST AMENDED COMPLAINT
(ERISA §§502, 515; LMRA §301)                                                                                PAGE 11

agreements and trust agreements incorporated therein to comply with the mandatory reporting and contribution requirements;

2. That this Court adjudge and declare that Defendants, their successors, agents and all persons acting in concert with them, as required under the terms of the collective bargaining agreement to comply with union check-off and dues paying requirements;

3. That Defendants be ordered to submit to an audit and for that purpose to furnish to TRUST FUNDS' representatives and auditors all of its payroll books and records for the since September 14, 2005 until the date of judgment, which records shall show the active employee payroll and all hours worked by all employees of Defendants for each day, week and month included in said period, and that a referee be appointed to perform such audit and be further empowered to examine the parties to this action as well as other witnesses, and that a report of the audit of such accounting be presented to the Plaintiff and the court pursuant to an interlocutory order herein;

4. For judgment in the amount of unpaid contributions, liquidated damages and interest;

5. For judgment in the amount of unpaid union dues and interest;

6. For attorneys' fees and costs; and

7. For a preliminary and permanent injunction ordering Defendant GOOD-NITE INN to pay TRUST FUNDS the entire contribution deficiency, $208,018.44, plus attorneys' fees forthwith, and henceforward to make timely contributions in full to TRUST FUNDS according to the rules of the TRUST FUNDS and the governing Trust Agreements.

8. For a preliminary and permanent injunction ordering Defendants YOKENO AND KIM to pay Welfare Fund contributions in the amount of $168,494.93, plus attorneys' fees forthwith, and henceforward to make timely contributions in full to TRUST FUNDS according to the rules of the TRUST FUNDS and the governing Trust Agreements.

9. For a preliminary and permanent injunction ordering Defendant GOOD-NITE INN to pay Plaintiff UNION the entire union dues deficiency, $18,005.32, plus attorneys' fees forthwith, and henceforward to make timely payments in full to Plaintiff UNION pursuant to the Agreement.

10. For other such relief the Court deems just and proper.

Respectfully submitted,

DATED: June 27, 2007        LEONARD CARDER, LLP

By: _____
Matthew D. Ross
Attorneys for Plaintiffs

FIRST AMENDED COMPLAINT
(ERISA §§502, 515; LMRA §301)                                   PAGE 13

## PROOF OF SERVICE

I am a citizen of the United States and am employed in Alameda County. I am over the age of eighteen (18) years and not a party to the within action. My business address is 1330 Broadway, Suite 1450, Oakland, CA 94612. On June 29, 2007, I served the following document(s):

**FIRST AMENDED COMPLAINT FOR DELINQUENT FRINGE BENEFIT CONTRIBUTIONS; NOTICE OF RELATED CASE**

by placing a true copy thereof enclosed in a sealed envelope and served in the manner and/or manners described below to each of the parties herein and addressed as below or stated on the attached service list:

Patrick W. Jordan, Esq.
Jordan Law Group
1010 ABC Street, Suite 320
San Rafael

\_\_\_\_\_ **BY ELECTRONIC MAIL:** I caused said document(s) to be transmitted to email address(es) designated.

\_\_\_\_\_ **BY FACSIMILE:** I caused said document(s) to be transmitted to the fax number(s) of the addressee(s) designated.

\_\_\_\_\_ **BY REGULAR MAIL:** I caused such envelope to be deposited in the mail at my business address, addressed to the addressee(s) designated. I am readily familiar with LEONARD, CARDER's practice for collection and processing of correspondence and pleadings for mailing. It is deposited with the United States Postal Services on that same day in the ordinary course of business.

\_\_\_\_\_ **BY OVERNIGHT COURIER SERVICE:** I caused such envelope(s) to be delivered via overnight courier service to the addressee(s) designated.

__X__ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the addressee(s) designated.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Oakland, California, on June 28, 2007.

Lorelei Badar