JORDAN LAW GROUP
PATRICK W. JORDAN (Bar No. 52115)
1010 "B" Street, Suite 320
San Rafael, CA 94901
Telephone: (415) 459-9865
Fax: (415) 459-9871

Attorneys for Defendants GOOD-NITE
INN INVESTMENT, LLC, BANG JA
KIM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITE HERE LOCAL 2; SAN METEO HOTEL EMPLOYEES & RESTAURANT EMPLOYEES WELFARE FUND; SAN MATEO HOTEL EMPLOYEES & RESTAURANT EMPLOYEES PENSION FUND; SHERRI CHIESA, JAMES BEARD, HAL BOBROW, MIKE CASEY, THO DO, and RICHARD ROMANSKI, Trustees of the San Mateo Hotel Employees & Restaurant Employees Welfare and Pension Funds,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOD-NITE INN INVESTMENT, LLC, a California corporation; ERIC YOKENO, an individual; and BANG JA KIM, an individual,<br><br>Defendants. | CASE NO. C-07-02588 CW<br><br>ANSWER TO FIRST AMENDED COMPLAINT FOR DELINQUENT FRINGE BENEFIT CONTRIBUTIONS (ERISA §§ 502, 515; LMRA § 301) |

### ANSWER

Defendants GOOD-NITE INN INVESTMENT, LLC and BANG JA KIM (hereinafter "Defendants") responds to Plaintiff's Complaint and admits, denies or otherwise avers to the numbered paragraphs of the Complaint as follows:

1. This paragraph contains a general introduction to which no answer is required. To the extent an answer may be deemed required regarding the introductory allegations, the allegations in Paragraph 1 are denied

2.	This paragraph contains Plaintiff's jurisdictional allegations to which no answer is required. To the extent an answer may be deemed required regarding the jurisdictional allegations and to the extent the paragraph asserts this court has jurisdiction over all causes of action stated in its complaint, the allegations in Paragraph 2 are denied.

3.	This paragraph contains Plaintiff's jurisdictional allegations to which no answer is required. To the extent an answer may be deemed required regarding the jurisdictional allegations over all causes of action stated in the Complaint, the allegations of Paragraph 3 are denied.

4.	Defendants deny the allegation that Plaintiff has been the exclusive bargaining agent for defendant Good-Nite Inn, LLC ("Good Nite") during all material times. Defendants admit that Local 2 is a Labor Organization within the meaning of the Labor Management Relations Act.

5.	Defendants do not have sufficient information to admit or deny the allegations contained in paragraph 5.

6.	Defendants do not have sufficient information to admit or deny the allegations contained in paragraph 6.

7.	Defendants deny the allegation that defendant Good-Nite is and at all material times has been obligated to deduct and pay union check-off dues to Local 2 and to make employer contributions to the San Mateo Hotel Employees and Restaurant Employees Welfare Fund and the San Mateo Hotel Employees and Restaurant Employees Pension Fund. Defendants admit that defendant Good-Nite is a Calfiornia Limited Liability Company and that it is an employer within the meaning of 29 U.S.C. § 152(2) and 29 U.S.C. § 1345.

8.	Defendants deny the allegations contained in paragraph 8.

9.	Defendants deny the allegations in Paragraph 9.

10.	Defendants admit the allegations in Paragraph 10.

11.	Defendant denies the allegations in Paragraph 11, except for the allegation that Defendant Good-Nite withdrew recognition from the union on September 14, 2005.

12.	Defendants admits the allegations in Paragraph 12 insofar as they state

procedural facts, but denies that the decision of Administrative Law Judge Jay Pollack was correct.

13. Defendants deny the allegations in Paragraph 13.

14. Paragraph 12 contains a characterization of selected parts of a collective bargaining agreement between Local 2 and Good-Nite to which no answer is required because the collective bargaining agreement is not attached to the Complaint and speaks for itself. Defendants deny all remaining allegations in Paragraph 14.

15. Paragraph 15 contains a characterization of selected parts of a collective bargaining agreement to which no answer is required because the collective bargaining agreement is not attached to the Complaint and speaks for itself.

16. Paragraph 16 contains a characterization of selected parts of a collective bargaining agreement between Local 2 and Good-Nite to which no answer is required because the collective bargaining agreement is not attached to the Complaint and speaks for itself. Defendants deny all remaining allegations in Paragraph 16.

17. Paragraph 17 contains a characterization of selected parts of a collective bargaining agreement between Local 2 and Good-Nite to which no answer is required because the collective bargaining agreement is not attached to the Complaint and speaks for itself. Defendants deny all remaining allegations in Paragraph 17.

18. Defendants deny the allegations contained in Paragraph 18.

19. Defendants deny the allegations contained in Paragraph 19.

20. Defendants deny the allegations contained in Paragraph 20.

21. Defendants deny the allegations contained in Paragraph 21.

22. Defendants deny the allegations contained in Paragraph 22.

23. Defendants deny that the court has jurisdiction under the alleged statute.

24. Defendants incorporate their admissions and denials to paragraphs 1 through 22 as though set out in full.

25. Paragraph 25 contains a characterization of selected parts of a collective bargaining agreement between Local 2 and Good-Nite to which no answer is required because the collective bargaining agreement is not attached to the Complaint and speaks for itself.

26. Paragraph 26 contains a characterization of selected parts of a collective bargaining agreement between Local 2 and Good-Nite to which no answer is required because the collective bargaining agreement is not attached to the Complaint and speaks for itself. Defendants deny the remaining allegations in paragraph 26.

27. Defendants deny the allegations contained in paragraph 27.

28. Paragraph 25 contains allegations for which neither an admission nor denial is required.

29. Defendants incorporate their admissions and denials to paragraphs 1 through 22 as though set out in full.

30. Paragraph 30 contains a characterization of selected parts of a collective bargaining agreement between Local 2 and Good-Nite to which no answer is required because the collective bargaining agreement is not attached to the Complaint and speaks for itself.

31. Defendants deny the allegations contained in Paragraph 31.

32. Paragraph 32 contains allegations for which neither an admission nor denial is required.

33. Defendants incorporate their admissions and denials to paragraphs 1 through 22 as though set out in full.

34. Paragraph 34 contains allegations for which neither an admission nor denial is required.

35. Defendans deny the allegations in paragraph 35.

36. Paragraph 36 contains allegations for which neither an admission nor denial is required.

37. Defendants incorporate their admissions and denials to paragraphs 1 through 22 as though set out in full.

38. Paragraph 38 contains a characterization of selected parts of a collective bargaining agreement between Local 2 and Good-Nite to which no answer is required because the collective bargaining agreement is not attached to the Complaint and speaks for itself

39. Defendants deny the allegations contained in Paragraph 39.

40. To the extent Paragraph 40 requests specific relief, to which neither an admission nor denial is required. To the extent Paragraph 40 contains a characterization of selected parts of a collective bargaining agreement between Local 2 and Good-Nite no answer is required because the collective bargaining agreement is not attached to the Complaint and speaks for itself Defendants deny the remaining allegations contained in Paragraph 40.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

### Failure to State a Claim

The Complaint and each cause of action presented therein fail to state facts constituting a claim for which relief may be granted against Defendant.

### SECOND DEFENSE

### Limitations Period (Statutory or Otherwise)

The Complaint and each Cause of Action presented therein are barred by the applicable limitations period.

### THIRD DEFENSE

### Doctrine of Laches

Plaintiffs have unreasonably delayed the commencement of this action to the prejudice of Defendants whereby the Complaint and each cause of action presented are barred by the doctrine of laches.

### FOURTH DEFENSE

### Waiver

As a result of the acts, conduct and omissions of Plaintiffs and their agents, each Cause of Action presented in the Complaint has been waived.

### FIFTH DEFENSE

### Estoppel

As a result of the acts, conduct and omissions of Plaintiffs and their agents, each cause of action presented in the Complaint are barred by the doctrine of estoppel.

## SIXTH DEFENSE

### Unclean Hands

Plaintiffs are barred from recovering in this action by the doctrine of unclean hands.

## SEVENTH DEFENSE

### Mitigation/Contributory Negligence

The Complaint and each Cause of Action therein are barred or limited to the extent that Plaintiffs failed to mitigated and/or improperly or negligently contributed to damages claimed, including but not limited to by failing to use preventative and corrective measures which would or could have prevented at least some of the harm alleged.

## EIGHTH DEFENSE

### Failure To Exhaust

Plaintiffs' Complaint, each purported cause of action alleged therein and the claims of relief sought therein are barred, in whole or in part, by any failure to exhaust or satisfy any conditions to perfecting or initiating such Complaint and claims.

## NINTH DEFENSE

### No Jurisdiction

The court lacks subject matter jurisdiction over the causes of action alleged in the Complaint.

## TENTH DEFENSE

### No Standing

Plaintiffs lacks standing to assert the causes of action alleged in the Complaint.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by reason of the Complaint or any claims stated therein;

2. That the Complaint and each Cause of Action contained therein be dismissed with prejudice against Defendants;

3. That Defendants recover their costs, disbursements, expenses, and

1  attorneys fees herein to the extent allowed by law and/or contract; and

2           4.   That the Court grant such other and further relief as it may deem just and

3  proper.

4  DATED:    July 18, 2007          JORDAN LAW GROUP
                                     PATRICK W. JORDAN

            By: _____
               PATRICK W. JORDAN
               Attorneys for Defendants GOOD-NITE INN
               INVESTMENT, LLC and BANG JA KIM

PRINTED ON
RECYCLED PAPER

7  ANSWER TO FIRST AMENDED COMPLAINT