# EXHIBIT A

Part 1 of 2

1  OLIVIA GARCIA
   ROBERT J. BUFFIN
2  MICAH BERUL
   JOHN A. ONTIVEROS
3  National Labor Relations Board, Region 20
   901 Market Street, Suite 400
4  San Francisco, California  94103-1735
   Telephone Numbers:  (415) 356-5154/356-5169
5
   Attorneys for Petitioner
6

**FILED**

**NOV 2 8 2006**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7                        **E-Filing**

8

9              UNITED STATES DISTRICT COURT

10        FOR THE NORTHERN DISTRICT OF CALIFORNIA

**TEH**

11 | JOSEPH P. NORELLI, Regional Director of      Civil No.
   | Region 20 of the National Labor Relations
12 | Board, for and on behalf of the NATIONAL     **C  06  7335**
   | LABOR RELATIONS BOARD,
13 |
   |                                              PETITION FOR INJUNCTION UNDER
14 |                          Petitioner,         SECTION 10(j) OF THE NATIONAL
   |                                              LABOR RELATIONS ACT, AS AMENDED
15 |        V                                     [29 U.S.C. SECTION 160(j)]
   |
16 | SFO GOOD-NITE INN, LLC,
   |
17 |                          Respondent.

18

19 To the Honorable Judges of the United States District Court, Northern District of California.

20         Comes now Joseph P. Norelli, Regional Director of Region 20 of the National

21 Labor Relations Board, herein called the Board, and petitions this Court, for and on behalf of the

22 Board, pursuant to Section 10(j) of the National Labor Relations Act, as amended [61 Stat. 149;

23 73 Stat. 544; 29 U.S.C. § 160 (j)], herein called the Act, for appropriate injunctive relief pending

24 the final disposition of the matters herein involved now pending before the Board on a

25 Complaint and Notice of Hearing of the General Counsel of the Board charging that SFO Good-

26 Nite Inn, LLC, herein called Respondent, is engaging in unfair labor practices in violation of

27 Sections 8(a)(1), (3), and (5) of the Act [29 U.S.C. § 158(1) and (3)].  In support thereof,

28 Petitioner respectfully shows as follows:

1.    Petitioner is the Regional Director of Region 20 of the Board, an agency of the United States Government, and files this petition for and on behalf of the Board, which has authorized the filing of this petition.

2.    Jurisdiction of the Court is invoked pursuant to Section 10(j) of the Act, which provides, *inter alia*, that the Board shall have power, upon issuance of a complaint charging that any person has engaged in unfair labor practices, to petition any United States district court within any district wherein the unfair labor practices in question are alleged to have occurred or wherein such person resides or transacts business, for appropriate temporary injunctive relief or restraining order pending final disposition of the matter by the Board.

3.    On October 14, 2005, Unite HERE! Local 2, herein called the Union, filed with the Board an original charge in Board Case 20-CA-32754, alleging that Respondent is engaged in unfair labor practices in violation of Sections 8(a)(1) and (5) of the Act. On November 21 and December 15, 2005, respectively, the Union filed with the Board a first-amended charge and a second-amended charge in Board Case 20-CA-32754 alleging that Respondent is engaged in unfair labor practices in violation of Sections 8(a)(1), (3) and (5) of the Act.

4.    The aforesaid charges were referred to Petitioner as Regional Director of Region 20 of the Board.

5.    Upon investigation, Petitioner determined that there is reasonable cause to believe that the Section 8(a)(1), (3) and (5) allegations in the aforesaid charges are true.

6.    On March 1, 2006, Petitioner, as Regional Director of Region 20 of the Board in Case 20-CA-32754, upon such charges and pursuant to Section 10(b) of the Act [29 U.S.C. § 160(b)], issued a Complaint and Notice of Hearing against Respondent alleging that Respondent is engaging in unfair labor practices in violation of Sections 8(a)(1), (3) and (5) of the Act.

7.    On April 18 through April 20, May 23, and June 13, 2006, the allegations of the Complaint were tried before Administrative Law Judge Jay R. Pollack. On September 28, 2006, the Administrative Law Judge issued his decision and recommended order finding that

Respondent has engaged in unfair labor practices in violation of Sections 8(a)(1), (3) and (5) of the Act as alleged in the Complaint. Respondent has timely filed exceptions to this decision with the Board.

8.      Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, true copies of the aforesaid Complaint, the decision and recommended order of the Administrative Law Judge, and the original, first-amended, and second-amended charges in Board Case 20-CA-32754 are attached hereto and marked as Exhibits A, B, C, D and E, respectively, and are incorporated herein as though fully set forth. In addition, filed herewith as Exhibits F, G, H, I, J, K, L, M, and N, respectively, are the official transcript of the hearing before the Administrative Law Judge at the aforesaid hearing, and the exhibits received into evidence at that hearing.

9.      There is a likelihood that, in the underlying administrative proceeding in Board Case 20-CA-32754, Petitioner will establish that the allegations set forth in the Complaint are true and that Respondent engaged in, and is engaging in, unfair labor practices in violation of Sections 8(a)(1), (3) and (5) of the Act. More specifically, and as more particularly described in the Complaint attached hereto, Petitioner alleges that there is a likelihood that Petitioner will establish the following:

(a)      Respondent is an employer engaged in commerce within the meaning of Sections 2(2), (6), and (7) of the Act [29 U.S.C. § 152(2), (6), and (7)]. [Exhibit A, paragraphs 2, 3 and 4; Exhibit B, page 10, lines 47 - 48].

(b)      The Union is a labor organization within the meaning of Section 2(5) of the Act [29 U.S.C. § 152(5)]. [Exhibit A, paragraph 5; Exhibit B, page 10, line 49].

(c)      Respondent has violated Section 8(a)(1) of the Act by threatening employees with loss of benefits or promising benefits, in order to discourage union membership or activities [Exhibit A, paragraphs 7 and 12; Exhibit B, page 11, lines 1 - 2].

(d)      Respondent has violated Section 8(a)(1) and (3) of the Act by discharging employees Christina Valencia and Maria Maldonado, in order to discourage union activities and union membership [Exhibit A, paragraphs 9 and 13; Exhibit B, page 11, lines 4-6].

1        (e)    Respondent has violated Section 8(a)(1) and (5) of the Act by

2    withdrawing recognition from and refusing to bargain with the Union as the exclusive

3    collective-bargaining representative of its employees in the following appropriate unit: all

4    employees covered by the terms of the collective-bargaining agreement between Respondent

5    and the Union which was effective by its terms until November 30, 2004 [Exhibit A, paragraphs

6    11 and 14; Exhibit B, page 11, lines 8-9].

7        . (f)    The unfair labor practices of Respondent described above in

8    subparagraphs 9(c), (d), and (e) affect commerce within the meaning of Sections 2(6) and (7) of

9    the Act. [Exhibit A, paragraph 15; Exhibit B, page 11, lines 11-12].

10        10.    It may fairly be anticipated that, unless enjoined, Respondent will

11    continue to repeat the acts and conduct set forth in subparagraphs 9(c), (d), and (e) or similar or

12    like acts in violation of Sections 8(a)(1), (3) and (5) of the Act.

13        11.    Upon information and belief, it is submitted that unless the aforesaid

14    flagrant unfair labor practices are immediately enjoined and appropriate injunctive relief

15    granted, Respondent's violations of the Act will continue, with the result that enforcement of

16    important provisions of the Act and of the public policy will be frustrated before Respondent

17    can be placed under legal restraint through the administrative procedures set forth in the Act

18    consisting of a Board Order and an Enforcement Decree of the United States Court of Appeal.

19    It is likely that substantial and irreparable harm will result to Respondent's employees and their

20    statutorily protected right to organize unless the aforesaid unfair labor practices are immediately

21    enjoined and appropriate relief granted. If it becomes necessary to seek enforcement by the

22    Court of Appeals, it may be years before the unlawful conduct is restrained. Unless injunctive

23    relief is immediately obtained, the effectiveness of the Board's final order will likely be

24    nullified, the administrative procedure rendered meaningless, and Respondent will continue in

25    its above-described unlawful conduct during the pendency of the proceedings before the Board,

26    with the result that, during this period, the rights of Respondent's employees guaranteed and

27    protected by Section 7 of the Act to join unions and bargain collectively in good faith through

28    representatives of their own choosing will be frustrated and denied. Moreover, Respondent's

1    unlawful promises of benefits and threats of employees, as exacerbated by the example of the

2    discharge of two employees who refused to sign an anti-Union petition, will convey a message

3    from Respondent to its employees that the Union is powerless to effectively represent them, and

4    that the government is powerless to restrain such unlawful conduct. That impression will

5    intensify as the underlying unfair labor practice proceeding takes its course if the requested

6    interim injunctive relief is not granted. Further, while Respondent is benefiting from its

7    unlawful refusal to recognize the Union pending Board litigation, the unit employees are

8    contemporaneously and irreparably suffering the loss of the benefits of collective bargaining

9    and Union representation. That loss, which goes beyond wages to include such items as job

10   security, safety and health conditions, and protection by a grievance-arbitration procedure,

11   cannot be made whole by a Board order in due course. Only by requiring Respondent to

12   recognize and bargain with the Union in good faith as required by the Act, including reinstating

13   the unlawfully-discharged employees to their former positions, can such irrevocable damage to

14   the bargaining process and the employees' Section 7 rights be prevented. Otherwise,

15   Respondent's unlawful conduct can result in permanent injury to the employees' loyalties to the

16   Union that the Board's administrative order in due course will be unable to adequately remedy,

17   Respondent's employees will be denied the right to a free exercise of their vote to choose or not

18   choose a collective-bargaining representative, and their right to engage in union and/or protected

19   activities, and Respondent will reap benefits from its unlawful conduct, all in disregard of the

20   policies of the Act and the public interest.

21           12.    Upon information and belief, it is submitted that, in balancing the equities

22   in this matter, the harm that will be suffered by the Union, the employees, and the public

23   interest, and the purposes and policies of the Act if injunctive relief is not granted greatly

24   outweighs any harm that Respondent may suffer if such injunctive relief is granted.

25           13.    Upon information and belief, to avoid the serious consequences referred

26   to above, it is essential, just and proper, and appropriate for the purposes of effectuating the

27   remedial purposes of the Act and avoiding substantial and irreparable injury to such policies, the

28   public interest, the employees, and the Union, and in accordance with the purposes of Section

1    10(j) of the Act that, pending final disposition by the Board, Respondent be enjoined and

2    restrained as herein prayed.

3         WHEREFORE, Petitioner respectfully requests the following:

4         (1)     That the Court issue an order directing Respondent to file an Answer to

5    each of the allegations set forth and referenced in the said Petition and to appear before the

6    Court, at a time and place fixed by the Court, and show cause, if any there be, why, pending

7    final disposition of the matters herein involved now pending before the Board, Respondent, its

8    officers, representatives, supervisors, agents, servants, employees, attorneys and all persons

9    acting on its behalf or in participation with it, should not be enjoined and restrained from the

10   acts and conduct described above, similar or like acts, or other conduct in violation of Sections

11   8(a)(1), (3) and (5) of the Act, or repetitions thereof, and that the instant Petition be disposed of

12   on the basis of the administrative record developed before the Board's Administrative Law

13   Judge without oral testimony, absent further order of the Court.

14        (2)     That the Court issue an order directing Respondent, its officers,

15   representatives, supervisors, agents, servants, employees, attorneys and all persons acting on its

16   behalf or in participation with it, to cease and desist from the following acts and conduct,

17   pending the final disposition of the matters involved now pending before the National Labor

18   Relations Board:

19        (a)     threatening employees with loss of benefits or promising benefits,

20   in order to discourage union membership or activities;

21        (b)     discharging employees or laying off employees, in order to

22   discourage union activities and union membership;

23        (c)     withdrawing recognition from the Union as the exclusive

24   collective-bargaining representative of Respondent's employees in the appropriate bargaining

25   unit described below;

26        (d)     Refusing to meet and bargain with the Union as the exclusive

27   collective-bargaining representative of Respondent's employees in the appropriate bargaining

28   unit described below with respect to rates of pay, hours of employment, and other terms and

1  conditions of employment including contributions to health insurance and union security and

2  wages;

3          (e)     in any like or related manner interfering with, restraining or

4  coercing employees in the exercise of their rights guaranteed by Section 7 of the Act.

5          (3)    That the Court further order Respondent, its officers, representatives,

6  supervisors, agents, servants, employees, attorneys and all persons acting on its behalf or in

7  participation with it, to take the following steps pending the final disposition of the matters

8  herein involved now pending before the National Labor Relations Board:

9          (a)     within five (5) days of the issuance of this Order, offer, in writing,

10  immediate interim reinstatement to Christina Valencia and Maria Maldonado to their former

11  positions at their previous wages, hours and other terms or conditions of employment,

12  displacing, if necessary, any workers hired or reassigned to replace them;

13          (b)     upon request, meet and bargain with the Union as the exclusive

14  collective-bargaining representative of its employees in the appropriate bargaining unit,

15  described below, with respect to rates of pay, hours of employment, and other terms and

16  conditions, and if an understanding is reached, embody such understanding in a signed

17  agreement. The appropriate bargaining unit is: all employees performing work covered by the

18  collective-bargaining agreement between Respondent and the Union, which was effective by its

19  terms until November 30, 2004;

20          (c)     post copies of the Court's Decision and Order at Respondent's

21  South San Francisco, California facilities in all locations where notices to employees are

22  customarily posted; maintain these postings during the Board's administrative proceeding free

23  from all obstructions and defacement; grant all employees free and unrestricted access to said

24  postings; and grant to agents of the Board reasonable access to Respondent's South San

25  Francisco, California facilities to monitor compliance with the posting requirement; and

26          (d)     within twenty (20) days of the issuance of the Court's Decision

27  and Order, file with the Court, with a copy submitted to the Regional Director for Region 20 of

28  the Board, a sworn affidavit from a responsible official of Respondent, setting forth with

1    specificity the manner in which Respondent is complying with the terms of the decree, including

2    the locations of the posted documents and proof of mailings.

3                    (4)    That upon return of said Order to Show Cause, the Court issue an order

4    enjoining and restraining Respondent as prayed and in the manner set forth in Petitioner's

5    proposed temporary injunction lodged herewith.

6                    (5)    That the Court grant such other and further temporary relief that may be

7    deemed just and proper.

8                    DATED AT San Francisco, California, this 28th day of November, 2006.

9

10

11                                        Joseph P. Norelli, Regional Director
                                          National Labor Relations Board
12                                        Region 20
                                          901 Market Street, Suite 400
13                                        San Francisco, California  94103-1735

14

15

16    OLIVIA GARCIA
            Regional Attorney, Region 20
17    ROBERT J. BUFFIN
            Deputy Regional Attorney, Region 20
18    MICAH BERUL
            Attorney, Region 20
19    JOHN A. ONTIVEROS
            Attorney, Region 20
20

21

22    MICAH BERUL
      Attorney for Petitioner
23    NATIONAL LABOR RELATIONS BOARD

24

25

26

27

28

STATE OF CALIFORNIA        )
                          )        ss.
COUNTY OF SAN FRANCISCO    )

Joseph P. Norelli, being duly sworn, disposes and says that he is the Regional Director of Region 20 of the National Labor Relations Board, that he has had verified the transcript references in the Memorandum in Support of Petition For Injunction filed herewith and has read the foregoing petition, the attached Complaint in Board Case 20-CA-32754 filed herewith, and knows the contents thereof; that the statements therein made as upon personal knowledge are true and that those made on information and belief he believes to be true. Further, that Exhibits A through E, attached to this petition and Exhibits F through O, filed herewith are true and correct copies of the aforesaid Complaint, decision and recommended order of the Administrative Law Judge, herein, the underlying unfair labor practice charges, and the administrative record herein, consisting of the transcript of the hearing before the Administrative Law Judge held on April 18 through April 20, May 23, and June 13, 2006, and the exhibits received into evidence at said hearing, and that he makes this statement on the basis of his personal knowledge.

Subscribed and sworn to before me,
a Notary Public in and for the
County within the State aforesaid,
this 28th day of November 2006.

_Susie Lewis_
NOTARY PUBLIC

My Commission Expires: 4/27/2010



UNITED STATES OF AMERICA

BEFORE THE NATIONAL LABOR RELATIONS BOARD

REGION 20

SFO GOOD-NITE INN, LLC

and                                                    Case    20-CA-32754

UNITE HERE ! LOCAL 2

## COMPLAINT AND NOTICE OF HEARING

UNITE HERE! Local 2, herein called the Union, has charged that SFO Good-Nite Inn,

LLC, herein called Respondent, has been engaging in unfair labor practices affecting commerce

as set forth in the National Labor Relations Act, 29 U.S.C., Sec. 151, et seq., herein called the

Act. Based thereon, the General Counsel, by the undersigned, pursuant to Section 10(b) of the

Act and Section 102.15 of Rules and Regulations of the National Labor Relations Board, herein

called the Board, issues this Complaint and Notice of Hearing and alleges as follows:

1.    (a)    The original charge was filed by the Union on October 14, 2005, and a

copy was served on Respondent by first-class mail on October 18, 2005.

(b)    A first-amended charge was filed by the Union on November 21, 2005,

and a copy was served on Respondent by first-class mail on November 22, 2005.

(c)    A second-amended charge was filed by the Union on December 15, 2005,

and a copy was served on Respondent by first-class mail on December 15, 2005.

2.    (a)    At all material times, Respondent, a California limited liability company,

has been engaged in the business of operating a hotel located at 245 South Airport Boulevard, in

South San Francisco, California, herein called Respondent's facility.

**EXHIBIT ___A___**

EXHIBIT

Complaint and Notice of Hearing
Case 20-CA-32754

      (b)     During the 12-month period ending December 15, 2005, Respondent, in

conducting its business operations described above in subparagraph 2(a), derived gross revenues

in excess of $500,000.

      (c)     During the period of time described above in subparagraph 2(b),

Respondent, in conducting its business operations described above in subparagraph 2(a),

purchased and received at its South San Francisco, California, facility goods valued at more than

$2,500 that originated outside the State of California.

      3.     In about March 2004, Respondent purchased the hotel located at 245 South

Airport Boulevard in South San Francisco, California from Wyndham International d/b/a

Ramada Inn North, and since that time has continued to operate the hotel.

      4.     At all material times, Respondent has been an employer engaged in commerce

within the meaning of Section 2(2), (6) and (7) of the Act.

      5.    (a)     In May 2004, the Union, which was formally known as Hotel Employees

and Restaurant Employees International Union, Local 340, AFL-CIO, merged with Hotel

Employees and Restaurant Employees International Union, Local 2, AFL-CIO.

      (b)     In July 2004, Hotel Employees and Restaurant Employees International

Union, AFL-CIO, and its affiliated local unions, including the Union, merged with UNITE!,

formerly the Union of Needletrades, Industrial and Textiles Employees, and the Union became

UNITE HERE! Local 2.

      (c)     In June 2005, the Union withdrew from the AFL-CIO.

      (d)     At all material times, the Union has been a labor organization within the

meaning of Section 2(5) of the Act.

2

Complaint and Notice of Hearing
Case 20-CA-32754

    6.    (a)    At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act:

| Kazuo Eric Yokeno | Chief Executive Officer |
| Afzal "A.C." Chaudhry | General Manager |
| Leah Aquino | Assistant Manager |

    (b)    At all material times, Grace Vargas held the position of Respondent's front desk clerk, and has been an agent of Respondent within the meaning of Section 2(13) of the Act.

    7.    Respondent, by Leah Aquino:

    (a)    On an unknown date in August 2005, at Respondent's facility, solicited employees to sign a petition to get rid of the Union;

    (b)    On an unknown date in August 2005, at Respondent's facility, threatened employees with loss of hours if they did not sign a petition to get rid of the Union;

    (c)    On an unknown date in August 2005, at Respondent's facility, promised employees unspecified benefits if they abandoned support for the Union;

    (d)    About September 6, 2005, by telephone, solicited employees to sign a petition to get rid of the Union;

    (e)    About September 6, 2005, at an employee's house, solicited employees to sign a petition to get rid of the Union;

    (f)    About September 14, 2005, at Respondent's facility, solicited employees to sign a petition to get rid of the Union;

Complaint and Notice of Hearing
Case 20-CA-32754

      (g)    About September 14, 2005, at Respondent's facility, threatened to withhold approval of employees' vacation requests if they did not sign a petition to get rid of the Union.

    8.    Respondent, by Chaudhry and Vargas:

      (a)    About September 5, 2005, at Respondent's facility, solicited employees to sign a petition to get rid of the Union;

      (b)    About September 5, 2005, at Respondent's facility, interrogated its employees about their union sympathies.

    9.    (a)    About September 7, 2005, Respondent laid off its employees Cristina Valencia and Maria Maldonado.

      (b)    Respondent engaged in the conduct described above in subparagraph 9(a) because the employees of Respondent assisted the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

    10.    (a)    The following employees of Respondent, herein called the Unit, constitute a unit appropriate for purposes of collective bargaining within the meaning of Section 9(b) of the Act:

> All employees covered by the collective-bargaining agreement between Wyndham International d/b/a Ramada Inn North and the Union effective for the period December 5, 1999 to November 30, 2004.

      (b)    Following the purchase of the hotel in about March 2004, Respondent recognized the Union as the exclusive collective-bargaining representative of the Unit.

      (c)    At all material times, based on Section 9(a) of the Act, the Union has been the exclusive collective-bargaining representative of the Unit.

    11.    About September 14, 2005, Respondent withdrew its recognition of the Union as the exclusive collective-bargaining representative of the Unit.

4

Complaint and Notice of Hearing
Case 20-CA-32754

12.     By the conduct described above in paragraphs 7 and 8, Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

13.     By the conduct described above in paragraph 9, Respondent has been discriminating in regard to the hire or tenure or terms or conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Sections 8(a)(1) and (3) of the Act.

14.     By the conduct described above in paragraph 11, Respondent has been failing and refusing to bargain collectively and in good faith with the exclusive collective-bargaining representative of its employees in violation of Sections 8(a)(1) and (5) of the Act.

15.     The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.


## NOTICE OF HEARING

PLEASE TAKE NOTICE that commencing at 9:00 a.m. on the 18th day of April, 2006, and on consecutive days thereafter, a hearing will be conducted in Courtroom 306 (third floor), 901 Market Street, San Francisco, California, before a duly designated administrative law judge of the National Labor Relations Board. At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegation in this complaint. The procedures to be followed at the hearing are described in the attached Form NLRB-4668. The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

Complaint and Notice of Hearing
Case 20-CA-32754

## ANSWER REQUIREMENT

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the complaint. The answer must be **received by this office on or before March 15, 2006, or postmarked on or before March 14, 2006**. Respondent should file an original and four copies of the answer with this office and serve a copy of the answer on each of the other parties. The answer may <u>not</u> be filed by facsimile transmission. If no answer is filed, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the complaint are true.

DATED AT San Francisco, California, this 1st day of March, 2006.

Joseph P. Norelli, Regional Director
National Labor Relations Board
Region 20
901 Market Street, Suite 400
San Francisco, California 94103-1735

H:r20com/complaints/ca32754