Matthew D. Ross (SBN 84703)
Christine S. Hwang (SBN 184549)
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, CA 94612
Tel: (510) 272-0169
Fax: (510) 272-0174

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITE HERE LOCAL 2; SAN MATEO HOTEL EMPLOYEES & RESTAURANT EMPLOYEES WELFARE FUND; SAN MATEO HOTEL EMPLOYEES & RESTAURANT EMPLOYEES PENSION FUND; SHERRI CHIESA, JAMES BEARD, HAL BOBROW, MIKE CASEY, THO DO, and RICHARD ROMANSKI, Trustees of the San Mateo Hotel Employees & Restaurant Employees Welfare and Pension Funds, <br><br>　　　　Plaintiffs, <br><br>v. <br><br>SFO GOOD-NITE INN, LLC, a California limited liability company; ERIC YOKENO, an individual; and BANG JA KIM, an individual, <br><br>　　　　Defendants. | Case No. C07-02588 BZ <br><br> **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** <br> (L.R. 16-9) <br><br> Date:　　September 24, 2007 <br> Time:　　4:00 p.m. <br> Courtroom: G, 15th Floor |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

1. **Jurisdiction and Service.**

   a. <u>Jurisdiction</u>.

   The jurisdiction of this court is invoked pursuant to Sections 502 and 515 of the

---

1

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER; Case No. C07-02588 BZ

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C., §§ 1132 and 1145 and Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185. Jurisdiction also exists under 28 U.S.C. § 1337 and § 2201.

b. Service.

Plaintiffs have timely and properly served Defendants SFO Good Nite Inn, LLC ("Good-Nite Inn" or "the Hotel") and Bang Ja Kim ("Kim"). Defendant Eric Yokeno has not yet been served due to representations made by counsel for Defendants Hotel and Kim that Mr. Yokeno has no remaining financial interest in Good-Nite Inn and that such interest in the Hotel had been transferred to Defendant Kim, and included any liabilities in connection with the property at the time of the transfer. Upon receipt of documentation supporting this representation, Plaintiffs will voluntarily dismiss all claims against Mr. Yokeno from this action.

2. Facts.

a. Plaintiffs' Description.

This action was brought by Plaintiffs UNITE HERE Local 2 ("Local 2" or "the Union"); the San Mateo Hotel Employees & Restaurant Employees Welfare Fund; San Mateo Hotel Employees & Restaurant Employees Pension Fund (collectively "Trust Funds"); Sherri Chiesa, James Beard, Hal Bobrow, Mike Casey, Tho Do, and Richard Romanski, (collectively "Trustees") of the Trust Funds, to collect unpaid Union dues and Trust Fund contributions, pursuant to the terms of Defendants' collective bargaining agreement with the Union and the employee benefit plan trust agreements established thereunder.

Plaintiffs are not aware of any specific factual disputes.

b. Defendants' Description.

Defendants the Hotel and Kim dispute the existence of a collective bargaining agreement

2

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER; Case No. C07-02588 BZ

and/or a collective bargaining agreement that required Defendants the Hotel and Kim to pay contributions during any relevant time period.

Defendants the Hotel and Kim further dispute any duty to pay Union dues based on the Unions failure to pursue administrative relief by way of an unfair labor practice charge filed with the National Labor Relations Board during the applicable statute of limitations period.

3.  **Legal Issues.**

    a.  Plaintiffs are not aware of any disputed legal issues as this is a straightforward collections action under ERISA and LMRA for unpaid contributions to a employee benefit plans and unpaid union dues.

    b.  Defendants .

In order to pursue this action, Plaintiffs must prove the existence of a valid collective bargaining agreement that requires the payment of contributions and/or dues. See *Laborers Health and Welfare Trust Fund for Northern California v. Advanced Lightweight Concrete, Co.*, 484 U. S. 539, 108 S. Ct. 830 (1988).

If Plaintiff Union does prove the existence of a valid collective bargaining agreement that required Defendants the Hotel and Kim to remit and/or pay dues during any time relevant, the Union's claim is barred as a result of its failure to pursue administrative relief with (1) the National Labor Relations Board by filing an unfair labor practice charge within six months of the alleged failure to remit dues and/or (2) its failure to file a grievance pursuant to any relevant collective bargaining agreement. See *Carpenters Fringe Benefit Funds of Illinois v. McKenzie Engineering*, 217 F. 2d 578 (2000).

4.  **Motions.** There are no pending motions. Plaintiffs intend to file a motion for summary judgment.

Defendants anticipate filing a motion for summary judgment or scheduling cross-motions with Plaintiffs.

5. **Amendment of Pleadings.** Because the damages calculations and other relief set out in the First Amended Complaint are based on an estimated number of employees and hours worked during the period of time Defendants failed to pay and submit monthly employer reports containing such information, following receipt of Defendants' initial disclosures, the parties will likely stipulate to permitting Plaintiffs to file a Second Amended Complaint in order to adjust these calculations.

6. **Evidence Preservation.** The relevant payroll records are available and Defendants the Hotel and Kim have not been apprised by Plaintiffs of any additional records that are relevant to this matter. All other possibly relevant documents were produced within the National Labor Relations Board case referenced in paragraph 10 below.

7. **Disclosures.** The parties certify that they will serve the other party with Initial Disclosures in accordance with Federal Rules of Civil Procedure. No further discovery has been taken to date.

8. **Discovery.** Plaintiffs plan to take all forms of discovery consistent with the Federal Rules of Civil Procedure. Defendants the Hotel and Kim also anticipate utilizing all forms of discovery consistent with the Federal Rules of Civil Procedure.

9. **Class Actions.** N/A

10. **Related Cases.** On August 2, 2007, the parties stipulated in a motion requesting the Court to consider whether this case should be related to *Norelli v. SFO Good-Nite Inn, LLC*, Case No. C06-0733 MJJ, which is currently pending before the Honorable Martin J. Jenkins. However, Judges Jenkins and Zimmerman both denied the motion. The case pending before

Judge Jenkins concerns a National Labor Relations Board Administrative Law Judge decision relating to Good-Nite Inn's September 14, 2005 withdrawal of recognition of the Union. The case before this Court concerns the question of whether Good-Nite Inn's (and Bang Ja Kim's) failure to pay contributions to the Trust Funds and check-off dues to the Union from September 2005 to the present was improper.

11.    **Relief.** Plaintiffs seek: (a) a declaration by the Court ordering that Defendants comply with the mandatory reporting and contribution requirements under the collective bargaining agreement with the Union and trust agreements established thereunder; (b)T a declaration by the Court ordering that Defendants comply with union check-off and dues paying requirements per the collective bargaining agreement with the Union; (c) that Defendants be ordered to submit to an accounting to Trust Funds all of its payroll books and records for the since September 14, 2005 until the date of judgment; (d) a judgment in the amount of unpaid contributions, liquidated damages and interest; (e) a judgment in the amount of unpaid union dues and interest; (f) attorneys' fees and costs; and (g) a preliminary and permanent injunction ordering Defendant Good-Nite Inn to pay Trust Funds the entire contribution deficiency, $208,018.44, plus subsequent interest and attorneys' fees forthwith, and henceforward to make timely contributions in full to Trust Funds according to the rules of the Trust Funds and the governing Trust Agreements; (h) a preliminary and permanent injunction ordering Defendants Yokeno and Kim to pay Welfare Fund contributions in the amount of $168,494.93, plus subsequent interest and attorneys' fees forthwith, and henceforward to make timely contributions in full to Trust Funds according to the rules of the Trust Funds and the governing Trust Agreements; (I) a preliminary and permanent injunction ordering Defendant Good-Nite Inn to pay Plaintiff Union the entire union dues deficiency, $18,005.32, plus subsequent interest and attorneys' fees forthwith, and

henceforward to make timely payments in full to Plaintiff Union pursuant to the Agreement.

12. **Settlement and ADR.** The parties are open to resolving this dispute through settlement; however, at this time, the parties believe that resolution of this case is tied to the outcome in Case No. C06-0733 MJJ (referenced in paragraph 10 above) as well as the outcome of any appeal taken by the Defendants to overturn the decision NLRB's finding that its withdrawal of recognition was improper.

13. **Consent to Magistrate Judge for All Purposes.** The parties have previously filed their consent to Magistrate Judge Zimmerman to conduct further proceedings including trial and entry of judgment.

14. **Other References.** The parties do not believe that reference to binding arbitration, a special master or other tribunals is appropriate at this time.

15. **Narrowing of Issues.** The parties believe that presentation of factual issues may be expedited by stipulation, but do not believe this matter should be bifurcated.

16. **Expedited Schedule.** While Case No. C06-0733 MJJ remains pending, the parties do not believe this case can be handled on an expedited basis.

17. **Scheduling.** Plaintiffs propose the following discovery and motions schedule:

Initial Disclosure: September 24, 2007

Discovery Cutoff: March 30, 2008

Disclosure of expert witnesses: April 15, 2008

Filing of Dispositive Pre-Trial motions: June 30, 2008

Pre-Trial Conference Date: September, 2008

18 **Trial.** The parties request a 1-2 day trial in October, 2008.

19. **Disclosure of Non-party Interested Entities or Persons.** Plaintiffs certify that they know of no other entities to have any financial interest in the subject matter in controversy or any other kind of interest that could be substantially affected by the outcome of the proceeding.

Dated: September 14, 2007                LEONARD CARDER, LLP

                                By:    /s/ Matthew D. Ross
                                       Matthew D. Ross
                                       Christine S. Hwang
                                       Attorneys for Plaintiffs

Dated: September 14, 2007                JORDAN LAW GROUP

                                By:    /s/ Patrick Jordan
                                       Patrick Jordan
                                       Sarah Wolfe
                                       Attorneys for SFO Good-Nite Inn, LLC
                                       and Bang Ja Kim

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: _____         _____
                                U.S. MAGISTRATE JUDGE ZIMMERMAN



JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER; Case No. C07-02588 BZ